SAMUEL GASS, DOING BUSINESS AS PENOBSCOT WRECKING CO.

*vs.*

FREDERICK ROBIE.

Penobscot.    Opinion, March 25, 1942.

*Stern & Stern, Bangor,* for the plaintiff.

*Frank I. Cowan*, Attorney General, and

*Randolph Weatherbee*, County Attorney Penobscot County, for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

MANSER, J.   An application under the motor vehicle laws for dealer's registration and plates for use during 1941 was received at the office of the Secretary of State December 14, 1940 from the partnership of Maurice Gass and Samuel Gass, doing business under the trade name of Penobscot Auto Wrecking Co. The required fee of $60 was paid. On December 26, 1940 the partnership was dissolved and notice of dissolution filed for record in the Town Clerk's office in Orono, Maine, where the business was conducted. Maurice Gass withdrew and Samuel Gass became the sole proprietor. From then on, the latter conducted the business under the trade name theretofore used by the partnership. It does not appear that notice was given to the office of the Secretary of State of the change in ownership. On January 2, 1941 there was received by Samuel Gass the registration certificate and automobile plates issued in compliance with the application filed by the partnership. Samuel Gass used these plates until January 16, 1941. On January 14 a letter was sent from the office of the Secretary of State to Samuel Gass, stating that it was learned the partnership had been dissolved and that he intended to do business as an individual under the same trade name, and in such case it was necessary that the original registration be cancelled and application made for a new registration enabling Samuel Gass, as an individual, to secure the required plates. Such new application was made, the fee of $60 paid under protest, and the new plates were used thereafter.

The present suit is an action of assumpsit brought by Samuel Gass against Frederick Robie as an individual and not in his official capacity as Secretary of State. The account annexed to the declaration is as follows:

> "To money paid by the plaintiff to the defendant upon defendant's demand as secretary of State for issuance of a second set of 1941 dealer's registration plates to said Penobscot Auto Wrecking Company, of which plaintiff is and has been the sole owner since December 26, 1940, which money was exacted from the plaintiff by the defendant wrongfully and without lawful authority and which money was paid by the plaintiff to the defendant under protest .......................... $60.00."

The omnibus or money counts, so-called, are also made a part of the declaration, but without any specification thereunder.

At the close of the plaintiff's case, the Court on motion of the defendant granted a nonsuit, and the case comes forward on exception to this ruling.

It is to be noted that the claim is not for a return or reimbursement of the original fee paid by the partnership, but for the second fee of the same amount paid by Samuel Gass individually. The theory of the plaintiff appears to be that Samuel Gass, as sole proprietor but continuing the business formerly conducted by the partnership under the same trade name, was entitled to retain and use the first registration and plates issued to the partnership after it had gone out of existence, and that the requirement of a new registration was an improper exaction by Frederick Robie acting as an individual but under color of authority as Secretary of State.

Judicial declaration has provided interesting discussion concerning whether a partnership is a legal entity distinct from and independent of the persons composing it. Our Court said in *Woodman* v. *Boothby*, 66 Me., 389:

> "A firm is to be regarded as a distinct personality. The firm has its estates and its liabilities separate from that of its several members."

Said Emery, J., in *Haggett* v. *Hurley*, 91 Me., 542, 40 A., 563, 41 L. R. A., 362:

"Again, in a partnership there is a notion of an entity apart from the individual partnership."

There are some definitions of a partnership as constituting a status which may vary under different conditions. The record in this case, however, presents no such question. The partnership became non-existent. The plaintiff and Maurice Gass flatly declared, as appears by the certificate filed in the Town Clerk's office in compliance with R. S., c. 44, §4, that the partnership was dissolved and the further certificate filed by plaintiff under §5 of that statute stated that he was the sole proprietor. These certificates appear as exhibits in the record.

Upon the dissolution of the partnership and the transfer of the interest of one partner to the other, the joint property becomes the latter's individual estate. *Howe* v. *Lawrence*, 9 Cush., 553, and cases cited in note, 57 Am. Dec., 73. Thereafter, there can be no doubt that the plaintiff though conducting the business under the same trade name, was a legal entity separate and distinct from the former partnership.

R. S., c. 29, §60, as amended and effective at the time of the transaction under review, provides:

"Every manufacturer or dealer in new or used motor vehicles or trailers, may, instead of registering each vehicle owned or controlled by him, make application upon a blank provided by the secretary of state for a general distinguishing number, color or mark. The secretary of state if satisfied with the facts stated in the application, may grant the application and issue to the applicant a certificate of registration, containing the name, place of residence, and address of the applicant, and the general distinguishing number, color, or mark assigned to him and made in such form as the secretary of state may determine, and all vehicles owned or controlled by such applicant shall be regarded as registered under such general distinguishing number, color, or mark until sold,

exchanged, or operated for hire. The annual fee for every such certificate of registration shall be $60."

The registration in this case was for the year beginning January 1, 1941. At that time the partnership which had made application for registration had been dissolved. It did not own or control the motor vehicles to be registered. The plaintiff, Samuel Gass, did. No statutory provision is pointed out or found which authorizes the transfer by the partnership of the registration and plates issued on its application, or gives to the new owner the right to use the same. As the partnership was not in existence in 1941, the Secretary of State acted in accordance with his duty in requiring by his letter of January 14, 1941 that the "Dealer's plates and registration number 299 be returned to this department for concellation."

The cases cited by plaintiff, in which it is held that unwarranted, arbitrary, coercive action on the part of public officers, remove from such officers the protection of the law, are without application. The Secretary of State, in the present instance, was performing the duty required of him by law. By voluntary act, the title to motor vehicles was transferred from one party to another, and it became necessary for the new owner to procure registration for the year during which he was in complete ownership and control.

By R. S., c. 29, §29, the Secretary of State is obliged to collect "all fees required for licensing and registering all vehicles and operators, and shall forthwith transmit the same to the treasurer of state." As to whether any method exists by which the partnership can obtain partial or complete return or reimbursement from the State for the fee voluntarily paid by it, and which because of the transfer of vehicles was not of avail to such partnership, is admittedly not before the Court.

The nonsuit was properly ordered.

*Exception overruled.*